UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LORENZO PENN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01190-JPH-MJD |
| | ) | |
| RIVERVIEW HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MINUTE ENTRY FOR APRIL 29, 2026**
**TELEPHONIC STATUS CONFERENCE**
**HON. MARK J. DINSMORE, MAGISTRATE JUDGE**

The parties appeared by counsel for a telephonic Status Conference. Counsel for Plaintiff reported that an estate has been opened and an unopposed motion for substitution of Plaintiff has been filed. [Dkt. 106.] Accordingly, the previous stay of this matter [Dkt. 96] is hereby **lifted**, and Plaintiff's Motion to Extend Stay [Dkt. 100] is **DENIED AS MOOT**. With the agreement of the parties, the approved Case Management Plan as amended [Dkts. 45 & 70] is hereby amended as follows:

**III. Pretrial Pleadings and Disclosures**

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **June 12, 2026**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before **July 13, 2026**.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **October 1, 2026**. Any party who wishes to

preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **July 14, 2026**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The final witness list must identify each potential witness **by name** and include a brief synopsis of each witness's expected testimony.  The final exhibit list must precisely identify, preferably **by Bates number**,[1] each specific document that may be offered at the trial of this matter.  No individual not identified by name in the final witness list may testify at the trial of this matter.  No document not expressly identified in the final exhibit list may be offered into evidence at trial.[2]

### IV. Discovery and Dispositive Motions

C. Dispositive motions are expected and shall be filed by **May 8, 2026**; non-expert witness discovery and discovery relating to liability issues shall be completed by **December 12, 2025**; all remaining discovery shall be completed by **September 11, 2026**.

### VI. Trial Date

This matter will be ready for trial in or after **February, 2027**. The trial is by **jury** and is anticipated to take **7 days**.

All other requirements of the approved Case Management Plan as amended [Dkts. 45 & 70] remain in effect.

This matter is scheduled for a telephonic status conference on **Thursday, July 23, 2026 at 2:00 p.m. (Eastern)** to discuss case status.  Counsel shall attend the status conference by

---

[1] If the documents in question are not Bates numbered, the party should identify the documents by date and description and include therein the number of pages of each document, and shall immediately comply with the request of any party to be provided with a copy of that specific document, whether or not the document has been previously produced.  Copies of previously produced documents identified by Bates number in the final exhibit list need not be produced again.

[2] If a party identifies a possible witness or exhibit that may be used at trial after the deadline set forth in this paragraph, that party shall immediately file a motion for leave to amend their final witness and/or exhibit list, and shall identify therein when the witness or exhibit was first identified and explain why that witness or exhibit could not have been identified prior to the deadline set forth in this paragraph.

calling the designated telephone number, to be provided by the Court via email generated by the

Court's ECF system.

Dated:  29 APR 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.